IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY PETROSKI, | CIVIL ACTION NO.: 02-3712 |
| *Plaintiff,* | |
| vs. | |
| SAM'S CLUB, INC., WIRELESS RETAIL, INC., PURNELL WOOD, TIM DENMAN, AND MARK FULLER, | |
| *Defendants.* | |

### AMENDED ANSWER TO COMPLAINT OF DEFENDANTS WIRELESS RETAIL, INC., PURNELL WOOD AND TIM DENMAN AND AFFIRMATIVE DEFENSES

Defendants Wireless Retail, Inc., Purnell Wood, and Tim Denman ("defendants") by and through their attorneys, Hecker Brown Sherry and Johnson LLP, respond to the Complaint ("Complaint") of plaintiff Amy Petroski ("plaintiff") as follows:

**I. PRELIMINARY STATEMENT:**

1. Paragraph 1 does not contain any factual allegations that require a response by defendants.

2. Admit that plaintiff filed an action against defendants, but deny that plaintiff has asserted any viable claims against defendants.

**II. JURISDICTION AND VENUE:**

3. Admit that the jurisdiction of this Court has been invoked pursuant to 42 U.S.C. § 2000(e)-5(i), 28 U.S.C. §§ 1351 and 1391 and supplemental jurisdictional pursuant to 28 U.S.C. § 1367, but deny each and every remaining allegation contained in paragraph 3 of the Complaint.

94544-1

4.  Defendants are unable to determine whether the conditions precedent to the institution of the suit have been fulfilled and, therefore, deny each and every allegation contained in paragraph 4 of the Complaint.

5.  Admit the allegations contained in paragraph 5 of the Complaint.

### III. PARTIES:

6.  Admit the allegations contained in paragraph 6 of the Complaint.

7.  Admit that Sam's Club maintains a place of business at 441 Wilkes-Barre Township Boulevard, Wilkes-Barre, Pennsylvania, but are without information sufficient to affirm or deny the remaining allegations contained in paragraph 7 of the Complaint and, therefore, deny the same.

8.  Admit that Wireless Retail is a corporation that maintains a place of business within the Sam's Club located at 441 Wilkes-Barre Township Boulevard, Wilkes-Barre, Pennsylvania, but deny the remaining allegations in paragraph 7 of the Complaint. Defendants further allege that Wireless Retail is incorporated in Texas.

9.  Admit that Purnell Wood became a District Manager for Wireless Retail in July 2000 and admit that Purnell Wood was a citizen of the Commonwealth of Pennsylvania at all times relevant hereto but deny each and every remaining allegation contained in paragraph 9 of the Complaint.

10. Admit that Tim Denman was the Northeastern Regional Director of Wireless Retail, Inc. from January 2000 to March 2001, but deny each every remaining allegation in paragraph 10 of the Complaint.

11. Admit that Mark Fuller was a manager employed by Sam's Club, but are without information sufficient to affirm or deny the remaining allegations in paragraph 11 of the Complaint and, therefore, deny the same.

94544-1

12. Admit that Tim Denman and Purnell Wood were employees of Wireless Retail at all times relevant hereto but deny the remaining allegations in paragraph 12 of the Complaint.

13. Admit that Wireless Retail was an employer as defined under Title VII and under the PHRA, but deny each and every remaining allegation contained in paragraph 13 of the Complaint.

IV. **STATEMENT OF CLAIMS:**

14. Admit that plaintiff was employed by defendant Wireless Retail as a sales person and that she was stationed to work at a Sam's Club store located in Wilkes-Barre, Pennsylvania, but deny each and every remaining allegation contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Admit that Mr. Fuller expressed disapproval regarding plaintiff's failure to wear a bra, but deny each and every remaining allegation contained paragraph 19 of the Complaint.

20. Admit that Mr. Fuller expressed disapproval regarding plaintiff's failure to wear a bra, but deny each and every remaining allegation contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

94544-1

24. Admit that in or around August 2000, plaintiff was terminated for stealing a soda from Sam's Club, but deny each and every allegation contained in paragraph 24 of the Complaint.

25. Defendants are without information sufficient to affirm or deny, therefore deny each and every allegation contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

## COUNT I

**(TITLE VII - *Sexual Harassment, Hostile Work Environment, Retaliation*)**
**Plaintiff v. Defendants Sam's Club and Wireless Retail**

28. Defendants incorporate herein their responses to paragraphs 1 through 27 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

WHEREFORE, defendants pray that Count I of Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT II

**(PHRA - *Sexual Harassment, Hostile Work Environment, Retaliation*)**
**Plaintiff v. Defendants Sam's Club and Wireless Retail**

31. Defendants incorporate herein their responses to paragraphs 1 through 30 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

WHEREFORE, defendants pray that Count II of Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

94544-1

## COUNT III

### (PHRA - Aiding and Abetting)
### Plaintiff v. Defendants Wood, Denman and Fuller

34.     Defendants incorporate herein their responses to paragraphs 1 through 33 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

WHEREFORE, defendants pray that Count III of Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The forum is inconvenient in the Eastern District of Pennsylvania.

### Third Affirmative Defense

Venue is not proper in the Eastern District of Pennsylvania.

### Fourth Affirmative Defense

Plaintiff's claims are barred and/or limited in accordance with the provisions of the Pennsylvania Human Relations Act.

### Fifth Affirmative Defense

Plaintiff's claims are barred and/or limited in accordance with provisions of Title VII of the Civil Rights Act of 1964 and the amendments to Title VII.

### Sixth Affirmative Defense

To the extent plaintiff alleges acts beyond the scope of the charges filed with the

94544-1

Equal Employment Opportunity Commission (EEOC) and/or the Pennsylvania Human Relations Commission, the Court has no subject matter jurisdiction over them.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the employment-at-will doctrine.

### Eighth Affirmative Defense

Plaintiff is not entitled to recovery of punitive damages under the Pennsylvania Human Relations Act.

### Ninth Affirmative Defense

The conduct complained of, to the extent it may have occurred, was not so pervasive or persistent to give rise to a cause of action.

### Tenth Affirmative Defense

Plaintiff's individual claims against Purnell Wood and Tim Denman are barred under Title VII.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by or subject to the defense of waiver.

### Twelfth Affirmative Defense

All actions taken by defendants were for good cause and not for any improper reason or motive, and at all relevant times, defendants acted with a good faith belief that they had good cause and legitimate business reasons to act as they did.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to punitive or exemplary damages because the Complaint fails to allege sufficient facts to warrant an award of punitive damages under Title VII.

### Fourteenth Affirmative Defense

None of defendants' acts were spiteful, malicious, in bad faith, or motivated by an ill will or fraud. Instead, defendants' acts were privileged, nondiscriminatory, proper, and taken

94544-1

in accordance with defendants' rights as accorded by law.

### Fifteenth Affirmative Defense

Plaintiff was treated in a fair, nondiscriminatory manner, without reference to any protected characteristic.

### Sixteenth Affirmative Defense

All actions taken by defendants were for good cause and not for any improper reason or motive. At all relevant times, defendants acted with a good faith belief that they had good cause and/or a legitimate business reason to as they did and did not directly or indirectly perform any acts that would constitute a violation of any of the plaintiff's rights. As a consequence, plaintiff is not entitled to any damages whatsoever.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in the plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set forth therein.

### Eighteenth Affirmative Defense

Plaintiff has failed to mitigate her alleged damages, if any. Accordingly, plaintiff's recovery, if any, should be barred or, in the alternative, reduced in proportion to her failure to mitigate.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred in that plaintiff, by reason of her own conduct and actions, is estopped from asserting the claims set forth therein.

### Twentieth Affirmative Defense

Some or all of plaintiff's claims are barred by the applicable statutes of limitations.

94544-1

### Twenty-First Affirmative Defense

Defendant Wireless Retail had established policies and procedures for dealing with sexual harassment and/or discrimination claims, which were made known and available to plaintiff.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred by the fact that she failed to utilize defendant Wireless Retail's internal systems for bringing sexual harassment and/or discrimination claims.

### Twenty-Third Affirmative Defense

If any loss, injury, damage, or detriment occurred as alleged in plaintiff's Complaint, some or all such loss, injury, damage, or detriment was caused and contributed to by the willful acts of plaintiff. Accordingly, plaintiff's recovery from defendants, if any, should be barred or, in the alternative, reduced in proportion to the percentage of plaintiff's fault.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are frivolous and groundless and known to plaintiff to be frivolous, groundless, and without foundation in fact or law. Furthermore, the suit is being pursued in bad faith for vexatious reasons for the purpose of harassing defendants. Accordingly, defendants are entitled to attorneys' fees and other appropriate costs and expenses incurred in defending this action.

### Twenty-Fifth Affirmative Defense

Some or all of plaintiff's claims are barred by the doctrine of unclean hands by reason of plaintiff's own conduct and actions.

### Twenty-Sixth Affirmative Defense

Defendants reserve the right to amend this Answer to assert any and all additional affirmative defenses that may be disclosed during discovery in this matter.

94544-1

**WHEREFORE**, having fully answered plaintiff's Complaint, defendants pay that:

A.  Plaintiff's Complaint be dismissed and that plaintiff take nothing thereby;

B.  Defendants are entitled to recover their costs and reasonable attorneys' fees incurred in connection with the defense of this action; and

C.  For such other and further relief.

                      HECKER BROWN SHERRY AND JOHNSON LLP


                 BY_____
                     Madeline M. Sherry
                     Attorneys for Defendants
                       Wireless Retail, Inc.,
                     Purnell Wood and Tim Denman

Dated: July 25, 2002

OF COUNSEL:
Heidi J. Richter, Esquire
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

94544-1

## **CERTIFICATE OF SERVICE**

I, Madeline M. Sherry, Esquire, hereby certify that on this 25th day of July, 2002, I served a true and correct copy of the foregoing Amended Answer to Complaint of Defendants Wireless Retail, Inc., Purnell Wood and Tim Derman and Affirmative Defenses, by First Class Mail, Postage Prepaid, addressed as follows:

Kevin I. Lovitz, Esquire
Lovitz and Gold, P.C.
1835 Market Street, Suite 515
Eleven Penn Center
Philadelphia, PA  19103

Karen L. Green, Esquire
Law Office of McDonnell & Associates
601 South Henderson Road
Suite 152
King of Prussia, PA  19406

HECKER BROWN SHERRY AND JOHNSON LLP

BY: _____
Madeline M. Sherry

94544-1